Submitted on remand July 13, 2000, reversed and remanded August 15, 2001

## SHAWN M. NEWCOMB,
*Appellant,*

*v.*

## S. Frank THOMPSON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

### 96C-13744; A100622

33 P3d 319

George W. Kelly for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, for respondent.

Before Haselton, Presiding Judge, and Edmonds and Landau, Judges.

PER CURIAM

## PER CURIAM

Plaintiff appeals from the dismissal of his petition for a writ of habeas corpus, asserting that the trial court erred in granting defendant's motion to dismiss based on its finding that the Board of Parole and Post-Prison Supervision properly concluded that plaintiff suffered from a present severe emotional disturbance such as to constitute a danger to the health or safety of the community, and thus properly deferred plaintiff's parole release date. Plaintiff asserts that the psychological evaluation on which the Board relied did not provide sufficient evidence to support the Board's conclusion.

We have held that "the determination as to whether a prisoner suffers from a severe emotional disturbance such as to constitute a danger to the health and safety of the community is a judgment that the legislature intended the Board to make." *Weidner v. Armenakis*, 154 Or App 12, 19, 959 P2d 623, *vac'd and rem'd* 327 Or 317 (1998), *withdrawn by order July 13, 1998, reasoning readopted and reaffirmed in Merrill v. Johnson*, 155 Or App 295, 964 P2d 284, *rev den* 328 Or 40 (1998). However, we also have held that a prerequisite for such a finding by the Board is a "psychiatric or psychological diagnosis." ORS 144.125(3) (1991). *Christenson v. Thompson*, 176 Or App 54, 31 P3d 449 (2001). The psychological report on which the Board relied in deferring plaintiff's parole release contained no cognizable "psychiatric or psychological diagnosis," but indicated only that plaintiff had "some elements" of a personality disorder. Under *Christenson*, that is not a sufficient record to support the Board's action.

Reversed and remanded.