On appellant's petition for reconsideration filed August 16, petition for reconsideration allowed; former opinion (176 Or App 169, 31 P3d 453) adhered to October 31, 2001

GILBERT C. BROWN,
*Appellant,*

*v.*

S. Frank THOMPSON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

96C-13583; A100035

34 P3d 735

Harrison Latto for petition.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Edmonds and Landau, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Appellant petitions for reconsideration of our decision affirming the dismissal of his petition for a writ of habeas corpus. 176 Or App 169, 31 P3d 453 (2001). We affirmed without discussion, citing *Weidner v. Armenakis*, 154 Or App 12, 959 P2d 623 (1998), *withdrawn by order* July 13, 1998, *reasoning reaffirmed and readopted in Merrill v. Johnson*, 155 Or App 295, 964 P2d 284, *rev den* 328 Or 40 (1998). Appellant contends that our disposition of his case is inconsistent with *Christenson v. Thompson*, 176 Or App 54, 31 P3d 449 (2001), and *Newcomb v. Thompson*, 176 Or App 167, 33 P3d 319 (2001), issued the same day that his case was decided. We reject appellant's contention and adhere to our previous opinion.

Appellant points out, correctly, that both *Christenson* and *Newcomb* concerned the insufficiency of certain diagnoses to support Board orders deferring parole release dates. Appellant is incorrect, however, that this case should have been treated as similar to those cases. In both *Christenson* and *Newcomb,* the appellants argued that a specific *diagnosis* on which the Board relied in deferring parole release did not meet the statutory criteria for diagnoses found in ORS 144.125(3) (1991). Here, by contrast, appellant argued that this case was not controlled by our conclusion in *Weidner* that the Board was not required to defer to a psychologist's opinion of whether an inmate suffered from a present severe emotional disturbance. He argued that, although *Weidner* interpreted ORS 144.125(3) (1991) in that manner, "regardless of what the statute *permitted* the Board to do, it had, at the time of plaintiff's crimes, interpreted the law such that the Board was bound to follow the psychologist's findings." (Emphasis in original.) Appellant recounted at length what he considered to be relevant historical data concerning the Board's application of the statute and its administrative rules. He concluded:

> "Under the old law, where the examining psychologist concluded that an inmate had no severe emotional disturbance making him dangerous, that inmate had to be released. * * * The language of ORS 144.125(3), in both its former and amended versions is permissive: the Board

'may' postpone parole under certain circumstances. Therefore, the Board under the prior law retained authority to *release* an inmate who received an unfavorable report from the examining psychologist. But with respect to the class of inmates who receive *favorable* reports, the Board's reinterpretation has unquestionably prejudiced them in their goal of achieving release on parole, because before, they were entitled to be released, and now they are not.

"In plaintiff's case, the psychologist's report contains no diagnosis of 'extreme emotional disturbance.' To the contrary, Dr. Davis specifically found that plaintiff did *not* have a 'severe emotional disturbance,' and that plaintiff was *not* a danger to the health and safety of others in the community. Accordingly, under the Board's former interpretation of the law, plaintiff would have been entitled to release. Under the law as the Board reinterpreted it, he was not. The reinterpretation has effectively increased the duration of plaintiff's imprisonment by two years, and therefore impermissibly subjected him to an *ex post facto* law. Put another way, the change in the basis upon which the Board can postpone parole has become 'less restrictive,' and a less restrictive basis for the Board is 'more onerous' for the inmate seeking release." (Emphasis in original; citations and footnote omitted.)

We rejected that argument because the record did not support petitioner's contention. The issue as framed by appellant in his appeal was not, as he now implies, whether the psychological diagnosis contained in the psychologist's report was sufficient to support *the Board's* determination that he suffered from a severe emotional disturbance; rather, the issue as appellant framed it was whether the Board was bound by the psychologist's conclusions about whether appellant suffered from a severe emotional disturbance and was a danger to the health and safety of the community. Bluntly: The issue framed by appellant in his opening brief is not the issue decided by this court in *Christenson* and *Newcomb*. We reject appellant's attempt to recast his arguments in light of our recent decisions concerning the adequacy of diagnoses to support Board decisions.

Petition for reconsideration allowed; former opinion adhered to.