Scott COOLEY, Petitioner–Appellant,

v.

James BARTLETT, Superintendent,
Oregon State Corrections,
Respondent–Appellee.

No. 05–35458.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Dec. 8, 2006.

Anthony David Bornstein, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FERGUSON, O'SCANNLAIN and FISHER, Circuit Judges.

## MEMORANDUM *

Scott Cooley appeals the district court's denial of his petition for habeas corpus challenging the Oregon Board of Parole's postponement of his parole date. Cooley claims that the Board of Parole incorrectly found that he had been diagnosed with a "present severe emotional disturbance" under Or.Rev.Stat. § 144.125(3) (1991), and that the board relied upon improper evidence in reaching that conclusion. We hold that there was some evidence to support the board's decision and thus affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We review the district court's ruling de novo and ask whether the Oregon circuit court's decision denying Cooley relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir.2004) (citation omitted). The board's decision comports with federal due process requirements if it is supported by "some evidence." *See Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir.2002).

 The board properly found that Cooley had been diagnosed with the type of condition contemplated in the applicable version of section 144.125(3). *See Christenson v. Thompson*, 176 Or.App. 54, 31 P.3d 449, 451 (2001); *see also Brown*, 379 F.3d at 1094. After evaluating Cooley, Dr. David Starr diagnosed him under Axis II of the current version of the Diagnostic and Statistic Manual of Mental Disorders ("DSM–IV") with Narcissistic Personality Disorder. *See Weidner v. Armenakis*, 154 Or.App. 12, 959 P.2d 623, 625–26 (1998) (in banc), *readopted and aff'd by Merrill v. Johnson*, 155 Or.App. 295, 964 P.2d 284 (1998) (in banc) ("The standard and commonly recognized psychiatric and psychological diagnoses are set forth in the American Psychiatric Association's [DSM–IV]."); *Christenson*, 31 P.3d at 452 (stating that diagnosis is "the art or act of identifying a disease from its signs and symptoms"). Rather than stating that Cooley exhibits the mere "residuals" of a psychiatric disorder, *cf. id.* at 451–52, or only "some elements" of a disorder, *cf. Newcomb v. Thompson*, 176 Or.App. 167, 33 P.3d 319, 320 (2001), Dr. Starr rendered a complete diagnosis that provides ample support for the board's decision.

There was also "some evidence" that this diagnosis related to a "present severe emotional disorder" which made Cooley a "danger to the health or safety of the community." Or.Rev.Stat. § 144.125(3) (1991); *see Weidner*, 959 P.2d at 626. In making this legal determination the Board was permitted to rely on evidence in addition to Dr. Starr's diagnosis. *See id.* at 625. There was evidence that Cooley's crimes were motivated at least in part by his self-centeredness and his related inability to appreciate the impact of his actions on his victims. Moreover, despite admitting that it was possible that he was physically violent towards one of his victims, Cooley stated he could not remember ever actually engaging in such violence. Dr. Starr also commented that Cooley would "always be somewhat self centered with a sense of entitlement" and that there was "some risk that ... he may fall into some of the old relationships with family that have provided him with an extra sense of entitlement." There was thus some evidence to demonstrate that Cooley's narcissism was both present and severe and also that there was a nexus between the diagnosis and Cooley's danger to the community.

 Finally, the Oregon circuit court did not err by using the phrase "present dangerousness" in its oral decision. The court merely used the phrase as a shorthand for the standard provided in the applicable version of section 144.125(3). More importantly, the court considered all of the relevant factors and reached a decision that was adequately supported by the record.

**AFFIRMED.**