**Martin BIRCH, Petitioner–Appellant,**

v.

**S. Frank THOMPSON, Superintendent, Oregon State Penitentiary, Respondent–Appellee.**

**No. 05–36216.**

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007 [*].

Filed March 16, 2007.

Barbara L. Creel, Assistant Federal Public Defender, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

---

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM [**]

The district court properly denied Appellant Martin Birch's (Birch) habeas petition.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Birch timely filed his federal habeas petition, because his signed petition relates back to his originally filed unsigned petition. *See Becker v. Montgomery,* 532 U.S. 757, 765, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001); *see also* Fed.R.Civ.P. 11(a).

■ Birch fails to establish an *ex post facto* violation, as the Oregon Board of Parole and Post–Prison Supervision's decision comported with the standard applicable at the time of Birch's commitment offenses. *See* Or.Rev.Stat. (O.R.S.) § 144.125 (1981) (1989).[1]

■ Birch's claim regarding the adequacy of the psychologist's diagnosis is waived, because Birch did not present this claim to the district court. *See Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994) ("Habeas claims that are not raised before the district court in the petition are not cognizable on appeal.") (citation omitted).

Birch fails to provide clear and convincing evidence that the state court's factual determination regarding the adequacy of the diagnosis was unreasonable. *See Anderson v. Terhune,* 467 F.3d 1208, 1212 (9th Cir.2006) ("[S]tate-court factual findings must be presumed to be correct, and the habeas petitioner must rebut the presumption of correctness by clear and convincing evidence.") (citations, alteration, and internal quotation marks omitted); *see also Dubria v. Smith,* 224 F.3d 995, 1001 (9th Cir.2000) (en banc) ("Federal habeas relief does not lie for errors of state law.") (citation, alteration, and internal quotation marks omitted).

**AFFIRMED.**

---

1. It is unclear as to whether the Board considered Birch's commitment offenses to have occurred in 1981 or 1989. However, O.R.S. § 144.125 was the same for both years. *See* O.R.S. § 144.125(3) (1981) (1989).

PAEZ, Circuit Judge, dissenting:

Martin Birch was convicted in 1981 and 1989. Prior to a 1993 amendment, Oregon's parole review statute required an expert diagnosis as a prerequisite to a decision by the Oregon Board of Parole and Post Prison Supervision ("Board") to postpone a prisoner's parole date. *See* Or.Rev.Stat. § 144.125(3) (1981) (1989); *see also Newcomb v. Thompson,* 176 Or. App. 167, 33 P.3d 319, 320 (2001) (holding that the Board could not make a finding of present severe emotional disturbance absent a "cognizable psychiatric or psychological diagnosis") (citation and internal quotation marks omitted); *Weidner v. Armenakis,* 154 Or.App. 12, 959 P.2d 623, 627 (1998), *withdrawn by order* July 17, 1998, *reasoning reaffirmed and readopted in Merrill v. Johnson,* 964 P.2d 284 (Or.Ct. App.1998)[1] (interpreting Oregon Revised Statute section 144.125(3) (1989) and holding that a "psychiatric or psychological diagnosis" was a "prerequisite to the Board's consideration of whether the statutory criteria [for parole] have been met").

The psychological evaluation at issue here described Birch as "a highly irrational and impulsive individual who appears unmotivated to personal treatment or behavioral change." The results of "objective psychological testing" indicated anger, resentment, and a "capacity to impulsively act out in unpredictable and aggressive ways." It concluded that "[d]iagnostically, there appeared to be features of a mixed personality disorder with dependent and aggressive features." Noting "features of a mixed personality disorder" does not constitute a diagnosis under Oregon law.

---

1. Oregon courts cite to the withdrawn *Weidner* opinion rather than to *Merrill. See Peek v. Thompson,* 160 Or.App. 260, 980 P.2d 178, 180 n. 2 (1999) (en banc).

In *Christenson v. Thompson*, 176 Or.App. 54, 31 P.3d 449 (2001), the Oregon Court of Appeals relied on the dictionary definition of "diagnosis" to conclude that an evaluation noting "the residuals of a Mixed Personality Disorder with narcissistic and dependent features" did not constitute a prerequisite diagnosis under Oregon Revised Statute section 144.125(3) (1987). *See* 31 P.3d at 452. In *Newcomb v. Thompson*, 176 Or.App. 167, 33 P.3d 319 (2001), the court similarly concluded that a psychological report "indicat[ing] only that plaintiff had 'some elements' of a personality disorder" did not satisfy the diagnosis prerequisite. *Id.* at 320. *See also Brown v. Palmateer*, 379 F.3d 1089, 1091, 1094 (9th Cir.2004) (holding that a psychological evaluation's conclusion "that Brown 'does exhibit some signs of emotional disturbance'" did not constitute a diagnosis under Oregon law and granting relief on Brown's *ex post facto* claim). I would therefore hold that Birch has established an *ex post facto* violation, because under the former version of Oregon Revised Statute section 144.125(3), having "features of" an emotional disorder is not a "psychiatric or psychological diagnosis," in the absence of which the Board lacked statutory authority to postpone his release.

I also dissent from the majority's holding that Birch waived this claim by failing to argue it before the district court. In his *pro se* federal habeas petition Birch argued that he was being held beyond his constitutionally established release date based on the application of newly enacted statutes and regulations. In his supporting memorandum of law Birch argued, through counsel, that the law in effect at the time of his convictions required a diagnosis of present severe emotional distur-

bance to postpone parole release and that the amended version of Oregon Revised Statute section 144.125 instituted harsher standards for parole by eliminating the expert diagnosis requirement. This was sufficient to give the district court and Respondent an opportunity to address whether the psychological evaluation contained the prerequisite diagnosis.

For the above reasons, I respectfully dissent.