GLD-151                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1112
_____

TERRY FAISON WILLIAMS, as Power
of Attorney for her Father, Louis T. Faison, Sr.,

Appellants

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 11-cv-00395)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2012

Before:  FUENTES, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: April 20, 2012)
_____

OPINION
_____

PER CURIAM

     Terry Faison Williams appeals pro se from the District Court's entry of summary

judgment in favor of the United States on a claim that the District Court construed her to

have brought on her father's behalf.  Because the District Court erroneously permitted

Faison Williams to litigate that claim pro se, we will vacate and remand for further proceedings.

## I.

Faison Williams is the sister of Louis T. Faison, Jr., who died while incarcerated at USP-Lewisburg. Louis T. Faison, Sr., is their father. On the basis of her brother's death, Faison Williams filed (through counsel) a Pennsylvania wrongful death and survivor action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, against the United States. She asserted no claim of her own, but purported to proceed on her father's behalf pursuant to a power of attorney.

The United States filed a motion to dismiss or for summary judgment on various grounds, including lack of standing. Faison Williams's counsel then sought leave to withdraw, which the District Court granted. Thereafter, the District Court permitted Faison Williams to litigate on behalf of her father pro se. In that capacity, she filed a brief on the merits in opposition to the United States' motion. The brief bears only her own name and signature but, like the complaint, it makes clear that she was proceeding solely on behalf of her father and asserted no claim of her own. Among other things, she argued that counsel had erroneously designated her instead of her father as the plaintiff and that her name should not have appeared in the caption at all.

On August 5, 2011, the District Court entered summary judgment in the United States' favor on the ground that both Faison Williams and her father lack standing under Pennsylvania law to pursue a wrongful death action. The District Court concluded that

2

only the administrator of Louis Faison, Jr.'s estate had such standing, and that the administrator (his wife, Veta Faison) had in fact filed a wrongful death action of her own that was then pending. Faison v. United States, M.D. Pa. Civ. No. 10-cv-02603. (That action has since settled.)

After the deadline to appeal passed, Faison Williams filed a motion under Rule 4(a)(6) of the Federal Rules of Appellate Procedure to reopen the appeal period. The District Court granted the motion, and Faison Williams filed a notice of appeal within the time permitted. Once again, both the Rule 4(a)(6) motion and the notice of appeal bear only her signature, although the notice of appeal lists both her and her father as appellants.

On January 18, 2012, the Clerk of this Court issued an order notifying the parties that Faison Williams is not permitted to represent her father pro se and requiring him to personally sign and return the notice of appeal by February 1, 2012. See Becker v. Montgomery, 532 U.S. 757, 760 (2001). Louis Faison, Sr., has not complied with that order, though it appears that he has signed other documents that Faison Williams has since submitted on appeal. This appeal is presently before us on the Clerk's listing for possible summary action, see 3d Cir. LAR 27.4 (2010); 3d Cir. I.O.P. 10.6, and on Faison Williams's motions discussed below.

II.

This appeal raises the threshold issues of whether Faison Williams or Louis Faison, Sr., or both, are proper parties on appeal and whether this appeal should proceed

3

in the absence of Louis Faison, Sr.'s signature on the notice of appeal or representation by counsel. We need not resolve these issues, however, because they stem in part from an error that Faison Williams's timely notice of appeal gives us jurisdiction under 28 U.S.C. § 1291 to correct. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 880-81 (3d Cir. 1991). Parties may proceed in federal court only pro se or through counsel. See 28 U.S.C. § 1654. Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court. See Osei-Afriyie, 937 F.2d at 882-83 (holding that parent and guardian could not litigate pro se on behalf of his children, and noting that "'[i]t goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys'") (citation omitted); see also Estate of Keatinge v. Biddle, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor."); Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) ("attorney-in-fact" for daughter not permitted to litigate pro se on her behalf).

Thus, the District Court should not have allowed Faison Williams to represent her father pro se after permitting her counsel to withdraw. The District Court also should not have reached the merits of her father's claim in the absence of proper representation. See Osei-Afriyie, 937 F.2d at 883; cf. Gardner v. Parson, 874 F.2d 131, 141 (3d Cir. 1989) (reversing dismissal of incompetent plaintiff's claim and explaining that, "[b]ecause [she] was without a representative when the court dismissed her claims, and was otherwise

unprotected, the court was without authority to reach the merits of those claims").

For these reasons, we will vacate the District Court's judgment and remand for further proceedings. We leave the appropriate steps on remand to the District Court's discretion. Solely by way of example, however, the District Court may wish to consider revisiting counsel's request to withdraw, appointing substitute counsel for Faison Williams, or requiring her to retain substitute counsel under penalty of dismissal of the action without prejudice to the merits of her father's claim. Given our ruling that the District Court should not have reached the merits of that claim, we express no opinion on the merits ourselves.[1]

Faison Williams has also filed a motion seeking review of a Magistrate Judge's recommendation in a second action that she purported to file on her father's behalf,

---

[1] We note that the District Court relied on Rule 2202(a) of the Pennsylvania Rules of Civil Procedure, which provides that only the personal representative of the decedent may generally bring an action for wrongful death. The District Court did not address Faison Williams's argument that her father has statutory standing to recover for his son's allegedly wrongful death under Pennsylvania law. See 42 Pa. Cons. Stat. § 8301(b) ("[T]he right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased[.]") (emphasis added). The District Court also did not address the issue of what remedies, if any, Faison Williams's father may have under Pennsylvania law or whether the Pennsylvania procedures for obtaining such remedies apply in federal court. See, e.g., Pa. R. Civ. P. 2206(b) (requiring court to apportion damages on a wrongful death settlement "upon petition of any party in interest"). In particular, the District Court did not address whether Faison Williams's complaint could or should be construed as an "interested party" petition under Pa. R. Civ. P. 2206(b) or a request to intervene in the action filed by Veta Faison (M.D. Pa. Civ. No. 10-cv-02603), which has since resulted in a settlement. We do not hold that the District Court is or was required to address these issues in the context of the present action. Suffice it to say, however, that the complications raised by these issues are all the more

5

Faison Williams v. United States, M.D. Pa. Civ. No. 12-cv-00064. We decline to construe the motion as a notice of appeal from that action because we lack jurisdiction to review the Magistrate Judge's recommendation directly. Objections to that recommendation must instead be filed in the District Court. See United States v. Polishan, 336 F.3d 234, 239, 240 n.3 (3d Cir. 2003). We ordinarily might direct our Clerk to transfer the motion to the District Court to be treated as an objection to the Magistrate Judge's recommendation. It appears, however, that Faison Williams has filed this motion with the District Court as well. Faison Williams captioned the motion with the civil action number for the action currently under review and the motion has been docketed in this action (M.D. Pa. Civ. No. 11-cv-00395), rather than the action in which she actually challenges the Magistrate Judge's recommendation (M.D. Pa. Civ. No. 12-cv-00064). We trust that the District Court will consider Faison Williams's motion, if appropriate, in connection with the appropriate action. Of course, enforcing the requirement that Faison Williams obtain counsel in order to litigate on her father's behalf should go a long way toward insuring more orderly proceedings on remand. Faison Williams's motions for the appointment of counsel on appeal and for an extension of time to retain counsel on appeal are denied.

reason to require representation by counsel to protect whatever rights Faison Williams's father may have before entering judgment on his claim.