**ALD-040**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3341
_____

LOUIS T. FAISON SR.,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-00395)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 15, 2013

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit Judges</u>

(Opinion filed: December 3, 2013)
_____

O P I N I O N
_____

PER CURIAM

     Louis T. Faison, Sr. ("Faison, Sr."), appeals pro se from the District Court's order

granting the Government's motion to dismiss a Pennsylvania wrongful death action

brought under the Federal Tort Claims Act ("FTCA").  Because the District Court

properly determined that Faison, Sr., lacked standing to pursue his claim, we will summarily affirm.

In April 2008, Faison, Sr.'s son, Louis T. Faison, Jr. ("Faison, Jr."), died while incarcerated at USP-Lewisburg. He was survived by his wife and three adult children. His widow, and the executrix of his estate, Veta B. Faison ("Veta"), brought a wrongful death action in December 2010. See Faison v. United States, M.D. Pa. Civ. No. 10-cv-02603. A mediated settlement was reached in September 2011.

Separately, in February 2011, Faison, Sr., filed the present action, alleging that Faison Jr., was "subjected to damage, injury and death as a result of careless and negligent acts of the defendant . . . in providing inadequate medical care and treatment to the . . . decedent."[1] The Government filed a motion to dismiss, arguing that Faison, Sr., lacked standing and was not entitled to recover damages under the Pennsylvania Wrongful Death Act. The District Court agreed, and granted the motion to dismiss. Faison, Sr., appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a dismissal for a lack of standing is plenary. Goode v. City of Philadelphia, 539 F.3d

---

[1] The case was initially filed, through counsel, by Terry Faison Williams (Faison, Sr.'s daughter and Faison, Jr.'s brother) on behalf of Faison Sr., pursuant to a power of attorney. Williams' counsel later sought leave to withdraw, which the District Court granted. Thereafter, the District Court permitted Williams to litigate pro se on behalf of Faison, Sr. The District Court entered summary judgment in the Government's favor on the ground that both Williams and Faison, Sr., lacked standing under Pennsylvania law to pursue a wrongful death action. On appeal, we remanded, holding that the "District Court should not have allowed . . . Williams to represent her father pro se after permitting her counsel to withdraw." Williams v. United States, 477 F. App'x 9, 11 (3d Cir. 2012) (not precedential). On remand, the District Court terminated Williams as a plaintiff and permitted Faison, Sr., to proceed pro se.

311, 316 (3d Cir. 2008). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The FTCA provides that "the United States is liable for injury caused by the negligent act of a government employee to the same extent a private employer would be liable." McSwain v. United States, 422 F.2d 1086, 1087-88 (3d Cir. 1970). Liability under the FTCA is determined by applying the substantive law of the state in which the injury occurred. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000). Because the alleged negligent acts in this case occurred at USP-Lewisburg, Faison, Sr.'s claims are governed by Pennsylvania law. DeJesus v. United States Dep't of Veterans Affairs, 479 F.3d 271, 279 (3d Cir. 2007).

The Pennsylvania Wrongful Death Act provides that an action may be brought for the death of an individual caused by negligence if no action for damages was brought by the injured person during his lifetime. 42 Pa. Con. Stat. Ann. § 8301(a). This right of action exists for the benefit of the spouse, children, or parents of the deceased. 42 Pa. Con. Stat. Ann. § 8301(b). Under the Act, "beneficiaries of a death action award share according to the law of intestate distribution." Olden v. Hagerstown Cash Register, Inc., 619 F.2d 271, 275 (3d Cir. 1980) (citing 42 Pa. Con. Stat. Ann. § 8301(b)). Where, as here, no action is brought within six months following the decedent's death, an action may be brought only by the "personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages." Pa. R. Civ. P. 2202(b). The term "personal representative" is

3

defined as "the executor or administrator of the estate of a decedent duly qualified by law to bring actions within this Commonwealth." Pa. R. Civ. P. 2201.

Here, Faison, Jr.'s widow and the executrix of his estate, Veta, brought a wrongful death action in the District Court in 2010, and a mediated settlement was reached in September 2011. See Faison v. United States, M.D. Pa. Civ. No. 10-cv-02603 (order entered Sept. 13, 2011). Because Veta "brought the wrongful death action as the executrix of the decedent's estate . . . [i]t was . . . impermissible for the other [potential] beneficiaries to maintain separate actions . . . or formally join in the action." Machado v. Kunkel, 804 A.2d 1238, 1247 (Pa. Super. Ct. 2002). Therefore, the District Court properly concluded that Faison, Sr., lacked standing to bring a separate wrongful death suit. See Ferencz v. Medlock, 905 F. Supp. 2d 656, 671-72 (W.D. Pa. 2012) (concluding that, under Pennsylvania law, mother lacked standing to bring wrongful death action in her individual capacity (as opposed to in her capacity as administratrix) against prison employees for her son's death while he was incarcerated); cf. Pa. R. Civ. P. 2202(c) (providing that "[w]hile an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death.").

Faison, Sr., suggests that the District Court should have permitted him to petition as an interested party in the settlement award received by Veta. See Pa. R. Civ. P. 2206(b) (requiring court to apportion damages from wrongful death verdict or settlement "upon petition of any party in interest"). As noted above, wrongful death action beneficiaries share the award according to the law of intestate distribution. 42 Pa. Con. Stat. Ann. § 8301(b). Under Pennsylvania's intestacy laws, parents of the decedent are

4

not entitled to a share of the estate when there is a surviving spouse and children. 20 Pa. C.S.A. § 2102 (describing surviving spouse's intestate share when there are surviving issue); § 2103(1) (providing that the share of the estate to which the surviving spouse is not entitled shall pass first to the issue of the decedent). Here, Faison, Jr., was survived by his wife and children. Therefore, even if allowed to proceed as an interested party under Rule 2206(b), Faison, Sr., would not have been entitled to any recovery.

For the foregoing reasons, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.