## BECKER *v.* MONTGOMERY, ATTORNEY GENERAL OF OHIO, ET AL.

No. 00–6374.   Argued April 16, 2001—Decided May 29, 2001

*Jeffrey S. Sutton*, by appointment of the Court, 531 U. S. 1123, argued the cause for petitioner. With him on the briefs were *Ronald E. Laymon* and *Chad A. Readler*.

*Stewart A. Baker*, by invitation of the Court, 531 U. S. 1110, argued the cause and filed a brief as *amicus curiae* in support of the judgment below. *Betty D. Montgomery*, Attorney General of Ohio, *pro se*, and *David M. Gormley*, State Solicitor, filed a brief for respondents.

JUSTICE GINSBURG delivered the opinion of the Court.

Petitioner Dale G. Becker, an Ohio prisoner, instituted a *pro se* civil rights action in a Federal District Court, contesting conditions of his confinement. Upon dismissal of his complaint for failure to state a claim for relief, Becker sought to appeal. Using a Government-printed form, Becker timely filed a notice of appeal that contained all of the requested information. On the line tagged "(Counsel for Appellant),"

Becker typed, but did not hand sign, his own name. For want of a handwritten signature on the notice as originally filed, the Court of Appeals dismissed Becker's appeal. The appellate court deemed the defect "jurisdictional," and therefore not curable outside the time allowed to file the notice.

We granted review to address this question: "When a party files a timely notice of appeal in district court, does the failure to sign the notice of appeal require the court of appeals to dismiss the appeal?" 531 U. S. 1110 (2001). Our answer is no. For want of a signature on a timely notice, the appeal is not automatically lost. The governing Federal Rules direct that the notice of appeal, like other papers filed in district court, shall be signed by counsel or, if the party is unrepresented, by the party himself. But if the notice is timely filed and adequate in other respects, jurisdiction will vest in the court of appeals, where the case may proceed so long as the appellant promptly supplies the signature once the omission is called to his attention.

I

This case originated from a civil rights complaint under 42 U. S. C. § 1983 filed *pro se* by Ohio prison inmate Dale G. Becker in the United States District Court for the Southern District of Ohio. Becker challenged the conditions of his incarceration at the Chillicothe Correctional Institution, specifically, his exposure to second-hand cigarette smoke. The District Court dismissed Becker's complaint for failure to exhaust prison administrative remedies and failure to state a claim upon which relief could be granted. App. 5–8.

Within the 30 days allowed for appeal from a district court's judgment, see 28 U. S. C. § 2107(a); Fed. Rule App. Proc. 4(a)(1), Becker, still *pro se,* filed a notice of appeal. Using a notice of appeal form printed by the Government Printing Office, Becker filled in the blanks, specifying himself as sole appellant, designating the judgment from which

he appealed, and naming the court to which he appealed. See Fed. Rule App. Proc. 3(c)(1). He typed his own name in the space above "(Counsel for Appellant)," and also typed, in the spaces provided on the form, his address and the date of the notice. The form Becker completed contained no statement or other indication of a signature requirement and Becker did not hand sign the notice.

The District Court docketed the notice, sent a copy to the Court of Appeals, and subsequently granted Becker leave to proceed *in forma pauperis* on appeal. Becker received a letter from the Sixth Circuit Clerk's Office telling him that his appeal had been docketed and setting a briefing schedule. The letter stated: "The court is aware that you are not an attorney and it will *not* hold you to the same standards it requires of them in stating your case." App. 14.

Becker filed his brief more than two weeks in advance of the scheduled deadline. He signed it both on the cover and on the last page. Some six months later, on its own motion, the Sixth Circuit dismissed the appeal in a spare order relying on that court's prior, published decision in *Mattingly* v. *Farmers State Bank,* 153 F. 3d 336 (1998) *(per curiam).* In Becker's case, the Court of Appeals said, summarily:

> "This court lacks jurisdiction over this appeal. The notice of appeal is defective because it was not signed by the pro se appellant or by a qualified attorney." App. 16–17.

No court officer had earlier called Becker's attention to the need for a signature, and the dismissal order, issued long after the 30-day time to appeal expired, accorded Becker no opportunity to cure the defect.

Becker filed a timely but unsuccessful motion for reconsideration, to which he appended a new, signed notice of appeal. Thereafter, he petitioned for this Court's review. The Attorney General of Ohio, in response, urged us "to summarily

reverse the judgment below," Brief in Response to Pet. for Cert. 1, stating:

> "We cannot honestly claim any uncertain[t]y about petitioner Becker's intention to pursue an appeal once he filed his timely, though unsigned, notice of appeal in the district court. We never objected to the lack of a signature on his notice of appeal, and fully expected the court of appeals to address his appellate arguments on the merits." *Id.*, at 5.

We granted certiorari, 531 U. S. 1069; 531 U. S. 1110 (2001), to assure the uniform interpretation of the governing Federal Rules, and now address the question whether Becker's failure to sign his timely filed notice of appeal requires the Court of Appeals to dismiss his appeal.[1]

## II

In *Mattingly* v. *Farmers State Bank*, 153 F. 3d 336 (1998) *(per curiam)*, the Sixth Circuit determined that a notice of appeal must be signed, and that a signature's omission cannot be cured by giving the appellant an opportunity to sign after the time to appeal has expired. For this determination, that court relied on the complementary operation of two Federal Rules: Federal Rule of Appellate Procedure (Appellate Rule) 4(a)(1), which provides that "the notice of appeal required by Rule 3 [to commence an appeal] must be filed with the district clerk within 30 days after the judgment or order appealed from is entered";[2] and Federal Rule of Civil

---

[1] Without any party to defend the Sixth Circuit's position, we invited Stewart A. Baker to brief and argue this case, as *amicus curiae*, in support of the judgment below. 531 U. S. 1110 (2001). His able representation, and that of Jeffrey S. Sutton, whom we appointed to represent Becker, 531 U. S. 1123 (2001), permit us to decide this case satisfied that the relevant issues have been fully aired.

[2] On motion filed no later than 30 days after expiration of the original appeal time, the appeal period may be extended upon a showing of "excusable neglect or good cause," but the extension "may [not] exceed 30

Procedure (Civil Rule) 11(a), which provides that "[e]very . . . paper [filed in a district court] shall be signed." We agree with the Sixth Circuit that the governing Federal Rules call for a signature on notices of appeal. We disagree, however, with that court's dispositive ruling that the signature requirement cannot be met after the appeal period expires.

Civil Rule 11(a), the source of the signature requirement, comes into play on appeal this way. An appeal can be initiated, Appellate Rule 3(a)(1) instructs, "only by filing a notice of appeal with the district clerk within the time allowed by [Appellate] Rule 4." Whenever the Appellate Rules provide for a filing in the district court, Appellate Rule 1(a)(2) directs, "the procedure must comply with the practice of the district court." The district court practice relevant here is Civil Rule 11(a).

Rule 11(a)'s first sentence states the signature requirement:

> "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."

Notices of appeal unquestionably qualify as "other paper[s]," so they "shall be signed."

Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction. We do not doubt that the signature requirement can be adjusted to keep pace with technological advances. A 1996 amendment to Civil Rule 5 provides in this regard:

> "A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consist-

---

days after the [originally] prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Fed. Rule App. Proc. 4(a)(5).

> ent with technical standards, if any, that the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules." Fed. Rule Civ. Proc. 5(e).

See, *e. g.*, Rule 5.1 (ND Ohio 2000) (permitting "papers filed, signed, or verified by electronic means"). The local rules on electronic filing provide some assurance, as does a hand-written signature, that the submission is authentic. See, *e. g.*, United States District Court for the Northern District of Ohio, Electronic Filing Policies and Procedures Manual 4 (Apr. 2, 2001) (available at http://www.ohnd.uscourts.gov/Electronic_Filing/user.pdf) (allowing only registered attorneys assigned identification names and passwords to file papers electronically). Without any rule change so ordering, however, we are not disposed to extend the meaning of the word "signed," as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).

As plainly as Civil Rule 11(a) requires a signature on filed papers, however, so the rule goes on to provide in its final sentence that "omission of the signature" may be "corrected promptly after being called to the attention of the attorney or party." "Correction can be made," the Rules Advisory Committee noted, "by signing the paper on file or by submitting a duplicate that contains the signature." Advisory Committee's Notes on Fed. Rule Civ. Proc. 11, 28 U. S. C. App., p. 666.

*Amicus* urges that only the first sentence of Civil Rule 11(a), containing the signature requirement—not Rule 11(a)'s final sentence, providing for correction of a signature omission—applies to appeal notices. Appellate Rule 1(a)(2)'s di-

rection to "comply with the practice of the district court" ceases to hold sway, *amicus* maintains, once the notice of appeal is transmitted from the district court, in which it is filed, to the court of appeals, in which the case will proceed. Brief for *Amicus Curiae* in Support of the Judgment Below 15–18, and nn. 18–20.

Civil Rule 11(a), in our view, cannot be sliced as *amicus* proposes. The rule was formulated and should be applied as a cohesive whole. So understood, the signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself. Becker proffered a correction of the defect in his notice in the manner Rule 11(a) permits—he attempted to submit a duplicate containing his signature, see *supra*, at 761—and therefore should not have suffered dismissal of his appeal for nonobservance of that rule.

The Sixth Circuit in *Mattingly* correctly observed that we have described Appellate Rules 3 and 4 as "jurisdictional in nature." 153 F. 3d, at 337 (citing *Torres* v. *Oakland Scavenger Co.*, 487 U. S. 312, 315 (1988), and *Smith* v. *Barry*, 502 U. S. 244, 248 (1992)). We do not today hold otherwise. We rule simply and only that Becker's lapse was curable as Civil Rule 11(a) prescribes; his initial omission was not a "jurisdictional" impediment to pursuit of his appeal.

Appellate Rules 3 and 4, we clarify, are indeed linked jurisdictional provisions. Rule 3(a)(1) directs that a notice of appeal be filed "within the time allowed by Rule 4," *i. e.*, ordinarily, within 30 days after the judgment appealed from is entered, see *supra*, at 762–763, and n. 2. Rule 3(c)(1) details what the notice of appeal must contain: The notice, within Rule 4's timeframe, must (1) specify the party or parties taking the appeal; (2) designate the judgment from which the appeal is taken; and (3) name the court to which

the appeal is taken.[3] Notably, a signature requirement is not among Rule 3(c)(1)'s specifications, for Civil Rule 11(a) alone calls for and controls that requirement and renders it nonjurisdictional.

*Amicus* ultimately urges that even if there is no jurisdictional notice of appeal signature requirement for parties represented by attorneys, *pro se* parties, like Becker, must sign within Rule 4's time line to avoid automatic dismissal. See Tr. of Oral Arg. 34–36. Appellate Rule 3(c)(2) is the foundation for this argument. That provision reads: "A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise."

We do not agree that Rule 3(c)(2)'s prescription, added in 1993 to a then unsubdivided Rule 3(c), see Advisory Committee's Notes on Fed. Rule App. Proc. 3, 28 U. S. C. App., p. 590, places *pro se* litigants in a singularly exacting time bind. The provision, as we read it, does not dislodge the signature requirement from its Civil Rule 11(a) moorings and make of it an Appellate Rule 3 jurisdictional specification. The current Rule 3(c)(2), like other changes made in 1993, the Advisory Committee Notes explain, was designed "to prevent the loss of a right to appeal through inadvertent omission of a party's name" when "it is objectively clear that [the] party intended to appeal." Advisory Committee's Notes on Fed. Rule App. Proc. 3, 28 U. S. C. App., p. 590. Seen in this light, the Rule is entirely ameliorative; it assumes and assures that the *pro se* litigant's spouse and minor children,

---

[3] Appellate Rule 3(c)(1), as currently framed, provides in full:

"(1) The notice of appeal must:

"(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X';

"(B) designate the judgment, order, or part thereof being appealed; and

"(C) name the court to which the appeal is taken."

if they were parties below, will remain parties on appeal, "unless the notice clearly indicates a contrary intent." *Ibid.*

If we had any doubt that Appellate Rule 3(c)(2) was meant only to facilitate, not to impede, access to an appeal, we would find corroboration in a related ameliorative rule, Appellate Rule 3(c)(4), which provides: "An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Cf. this Court's Rule 14.5 ("If the Clerk determines that a petition submitted timely and in good faith is in a form that does not comply with this Rule` [governing the content of ιpetitions for certiorari] or with Rule 33 or Rule 34 [governing document preparation], the Clerk will return it with a letter indicating the deficiency. A corrected petition received no more than 60 days after the date of the Clerk's letter will be deemed timely.").

In *Torres* v. *Oakland Scavenger Co.*, 487 U. S. 312 (1988), it is true, we held, that a notice of appeal that omitted the name of a particular appellant, through a clerical error, was ineffective to take an appeal for that party. *Id.*, at 318 (construing Rule 3(c) prior to the ameliorative changes made in 1993).[4] Becker's notice, however, did not suffer from any failure to "specify the party or parties taking the appeal." Fed. Rule App. Proc. 3(c)(1)(A). Other opinions of this Court are in full harmony with the view that imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court. See *Smith* v. *Barry*, 502 U. S., at 245, 248–249 (holding that "a document intended to serve as an appellate brief [filed within the time specified by Appellate Rule 4 and containing the information required by Appellate Rule 3] may qualify as the notice of

---

[4] The Advisory Committee intended the elaborate 1993 amendment of Appellate Rule 3(c) "to reduce the amount of satellite litigation spawned by *[Torres]*." Advisory Committee's Notes on Fed. Rule App. Proc. 3, 28 U. S. C. App., p. 590.

appeal"); *Foman* v. *Davis,* 371 U. S. 178, 181 (1962) (holding that an appeal was improperly dismissed when the record as a whole—including a timely but incomplete notice of appeal and a premature but complete notice—revealed the orders petitioner sought to appeal).

\* \* \*

In sum, the Federal Rules require a notice of appeal to be signed. That requirement derives from Civil Rule 11(a), and so does the remedy for a signature's omission on the notice originally filed. On the facts here presented, the Sixth Circuit should have accepted Becker's corrected notice as perfecting his appeal. We therefore reverse the judgment dismissing Becker's appeal and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*