**Michael Scott IOANE; et al.,**
**Plaintiffs–Appellants,**

v.

**State of CALIFORNIA BOARD**
**OF EQUALIZATION; et al.,**
**Defendants–Appellees.**

No. 00–16803.
D.C. No. CV–00–20199–JW.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**580**

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Michael Scott Ioane and the Stenshoel family appeal pro se the district court's judgment dismissing their action alleging that defendants violated their civil rights by improperly searching and seizing property at the request of California's Franchise Tax Board and Board of Equalization. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). We affirm.

Although the September 7, 2000, second amended notice of appeal purports to appeal from the district court's September 1, 2000, corrected order on behalf of all plaintiffs, it is signed only by Ioane, Larry Stenshoel and Patricia Stenshoel. Because Michael, Rozanne and Anna Stenshoel corrected the September 7, 2000, second amended notice of appeal by later adding their signatures, all plaintiffs are proper parties to this appeal. *See Becker v. Montgomery*, 532 U.S. 757, ——, 121 S.Ct. 1801, 1808, 149 L.Ed.2d 983 (2001). Accordingly, we deny appellees' joint motion to dismiss the appeal with respect to the Stenshoels.

Because the complaint alleges that Ioane did not become a trustee in the Cade Company until April 10, 1998, Ioane lacks standing to challenge the searches and seizures conducted at the Cade Company before that time. *See United States v. Taketa*, 923 F.2d 665, 669 (9th Cir.1991) (holding that Fourth Amendment rights are personal rights that cannot be asserted vicariously); *see also Rice v. Cayetano*, 146 F.3d 1075, 1076 n. 3 (9th Cir.1998) (holding that this court must consider a party's standing even if not raised in the district court or on appeal). Furthermore, Ioane

may not assert claims for the searches conducted at the Stenshoels' residences. *See Taketa,* 923 F.2d at 669.

With respect to the Stenshoels' claims, we affirm for the reasons stated in the district court's September 1, 2000, corrected order.

Appellants' remaining contentions lack merit.

We deny all other pending motions, including Ioane's August 14, 2001, motion to reconsider this court's August 3, 2001, order.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.