**Brian A. FORD, Plaintiff–Appellant,**

**and**

**Arlen SMITH; et al., Plaintiffs,**

**v.**

**Michael Washington; et al., Defendants–Appellees.**

**No. 00–35453.**

**D.C. No. CV–98–06141–JAR.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Brian A. Ford, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that defendants' parole determination violated various federal and state constitutional and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

statutory rights.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and affirm.

Ford's complaint, prepared by an attorney, alleges, at most, that the reports upon which defendants based their determination that Ford has a severe emotional disturbance which makes him a danger to the community were unreliable. Because prison officials need only "some evidence" when making parole determinations, we cannot conclude that the district court erred by concluding that these allegations failed to state a claim. *See Jancsek v. Or. Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir.1987). Insofar as Ford argues on appeal that this Court should conduct an independent review of Oregon's parole procedures or that the inability to call and cross-examine witnesses violated his procedural due process rights, we decline to consider these contentions because they were not raised before the district court. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992).

We also reject Ford's contention that the district court erred by concluding that his allegations concerning a lack of treatment for his emotional disturbance failed to state a claim. *See Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 & n. 8 (9th Cir.1982).

We deny all pending motions.

**AFFIRMED.**

---

1. In *Smith v. Washington*, —— U.S. ——, 121 S.Ct. 2213, 150 L.Ed.2d 207 (2001) (mem.), the Supreme Court vacated this court's August 14, 2000 order dismissing Arlen Smith as a party to this appeal and remanded for further consideration in light of its decision in *Becker v. Montgomery*, 532 U.S. 757, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001). Upon our review of the record before the district court, the proceedings before this court and the Supreme Court's opinion in *Becker,* we reaffirm our decision that Ford is the only appellant

properly before this Court because the notice of appeal here failed to specify any parties other than Ford who sought to appeal. *Cf. Becker,* 532 U.S. at —— – ——, 121 S.Ct. at 1807–08 (noting that the notice of appeal being considered by the Court was not defective as to its specification of the parties who sought to appeal).

