**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARL G. LAVENTURE,

      Plaintiff-Appellant,

  and

JASON SMITH,

      Plaintiff,

v.

ARAMARK CORRECTIONAL
SERVICES, INC.; JOE NEUBAUER,
CEO; DAN JAMESON, Vice
President; JOHN WANNENBURG,
Vice President; BONNY O'NEAL,
Regional Recruiter; GEORGE
VAUGHN, Regional Manager; MIKE
KROLL, Food Service Director;
M. GUSTER, Food Service Director;
GUS HARBOR, Assistant Food
Service Director; (FNU) ROGERS,
Assistant Food Service Director;
J. SIEBERT, Assistant Food Service
Director; CHARLES SIMMONS,
Secretary of Corrections; LOUIS
BRUCE, Deputy Secretary of
Corrections; WILLIAM L.
CUMMINGS, Secretary of
Corrections Designee; LEONARD L.
EWELL, Director of Administration,
Kansas Correctional Industries;
ROBERT D. HANNIGAN, Warden,
Hutchinson Correctional Facility;

No. 02-3299
(D.C. No. 99-CV-3281-MLB)
(D. Kan.)

STEVE DECHANT, Deputy Warden of Programs; CARL CUSHINBERRY, Warden's Assistant; CAROLYN BEIER-WIER, Unit Team Supervisor; M. VANHOOSE, R. RODRIGUEZ, B. KIDD, P. JAMES, M.D. HUGGINS, DIRK A. MOSS, ROBERT W. GARWOOD, T. WILLIAMS, GENE RIEMAN, ALAN HUNGERFORD, RONALD E. HICKS, C. E. RUDICELL, DON MOORE, DENNIS HOWARD, MICHELE BLACKMON, DEBRA K. MACCONAGHY, K. I. ANDERSON, A. (NMI) PEREZ, JEFFREY COON, and PAUL WILSON, HCF Unit Team Members; JON GRAVES, HCF Attorney; and KANSAS DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

## ORDER AND JUDGMENT

Before **TACHA** , Chief Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.

Appellant Carl G. LaVenture, a Kansas inmate appearing pro se, brought this action under 42 U.S.C. § 1983 for himself, and on behalf of inmate Jason Smith, alleging multiple violations of the inmates' constitutional rights stemming from the use by defendant Aramark Correctional Services Inc. (Aramark) of inmate labor to prepare and serve food. Aramark is a food service business that has contracted with the Kansas Department of Corrections to provide food to Kansas inmates. The thrust of plaintiffs' complaint is that they were forced to work for Aramark on several occasions, and that neither of them was paid a minimum wage for the work that they performed. Plaintiffs requested (1) a court order that the Internal Revenue Service, the Department of Labor, and the Department of Justice investigate all defendants; (2) back pay; (3) compensatory damages of $100,000.00 from each defendant; (4) punitive damages of twenty million dollars; and (5) prosecution of each defendant under a variety of state and

federal criminal statutes. The district court granted defendants' motion for summary judgment on July 19, 2002, leading to this appeal.

## II.

We review the grant of summary judgment de novo, applying the same standard the district court applied under Federal Rule 56(c). *Chambers v. Colo. Dep't of Corr.,* 205 F.3d 1237, 1241 (10th Cir. 2000). Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). "[A]n issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999). If the movant carries the initial burden of a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the nonmovant must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler,* 144 F.3d

at 671 (quoting Fed. R. Civ. P. 56(e)).  As always, we construe pro se pleadings liberally.  *Hall v. Bellmon,*  935 F.2d 1106, 1110 (10th Cir. 1991).

### III.

At the outset, we address appellees' contention that this court should not consider Jason Smith as a proper appellant because he did not file a notice of appeal or opening brief in this case.  *See* Aplee. Br. (State of Kansas) at 2 n.1. A notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice" of appeal.  Fed. R. App. P. 3(c)(1)(A).  The notice of appeal here listed "Carl G. LaVenture, et al." in the caption and was signed only by LaVenture.  While Rule 3(c)(1)(A) allows attorneys representing more than one party to describe the parties by using a term such as "et al.," it does not make a similar allowance for pro se appellants.  Rule 3(c)(4) does, however, provide that "[a]n appeal must not be dismissed for . . . failure to name a party whose intent to appeal is otherwise clear from the notice."

In addition to specifying the party or parties taking the appeal, the notice of appeal must be signed.  "The governing Federal Rules direct that the notice of appeal, like other papers filed in the district court, shall be signed by counsel or, if the party is unrepresented, by the party himself."  *Becker v. Montgomery*, 532 U.S. 757, 760 (2001).  Rule 3(c)(2) permits a pro se appellant to sign on his own

-5-

behalf as well as that of his spouse and his minor children if they were parties to the underlying action. Because Jason Smith is neither the spouse nor the minor child of Carl LaVenture, LaVenture's signature on the notice of appeal is not sufficient to satisfy the requirement that the notice of appeal be signed by the party taking the appeal. None of the documents filed in this case indicate an intent by Jason Smith to appeal and the notice of appeal is signed only by Carl LaVenture. Accordingly, we conclude that Jason Smith is not a party to this appeal. [1]

## IV.

As to LaVenture's appeal, we find his arguments without merit. After review of the entire record in this case, we agree with the district court that defendants were entitled to summary judgment because LaVenture had not shown that his constitutional rights have been violated or that he was otherwise entitled to minimum wage for his work with Aramark. Accordingly, for substantially the

---

[1]     In his reply brief, appellant LaVenture has also requested that fifteen of the named defendants be dismissed from the case. That request is granted.

same reasons set forth in the district court's order dated July 19, 2002, the judgment of the district court is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge