**Lindsay JENKINS, Plaintiff,**

v.

**Steven SLADKUS, et al., Defendants.**

**No. 04 Civ. 1595(LAK).**

United States District Court,
S.D. New York.

Feb. 17, 2005.

Lindsay Jenkins, London, NY, pro se.

Jennifer Beth Hein, Landman Corsi Ballaine & Ford PC, John V. Fabiani, Fabiani & Cohen, LLP, New York City, for Defendants.

KAPLAN, District Judge.

At some point last month, plaintiff sent to the Clerk what purported to be a motion pursuant to Rule 59, which appeared to bear a rubber stamped facsimile signature rather than an original signature. The Clerk, in accordance with standard practice, forwarded to chambers a form noting the defect and seeking the Court's determination whether to accept the papers for filing or to return them for compliance with the rules. The Court directed their return on a form that called attention to the lack of a signature.

The Court now has received a letter from the plaintiff—bearing another rubber stamped signature—in which she insists that "[t]he manner in which I affix my original signature to a document ... is [her] own decision to make." She asks that I rescind my order to docket her papers and direct the Clerk to accept them in the future.

Plaintiff is quite right in asserting that the manner in which she affixes her signature to documents is her own business—as long as the document in question is not offered for filing in this Court. At that point, it is the Court's business.

■ As was pointed out to plaintiff previously,[1] FED. R. CIV. P. 11(a) provides in relevant part:

"Every pleading, written motion, and other paper shall be signed by at least one attor-

---

1. Order, Jan. 24, 2005.

ney of record ..., or, if the party is not represented by an attorney, shall be signed by the party. * * * An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." [2]

The question whether a document bearing a rubber stamped facsimile has been "signed by the party" is one of law for the Court, not a matter of personal preference.

 This is not the first court to confront this problem. In *Becker v. Montgomery*,[3] the Supreme Court dealt with the question whether "typewriting one's name satisfies the signature requirement." [4] After noting that the signature requirement doubtless would be adjusted with advancing technology,[5] it went on to hold that a typewritten signature does not satisfy the rule. It wrote:

> "Without any rule change so ordering, ... we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)." [6]

The reference to a "mark handplaced," moreover, is to a mark affixed by one incapable of handwriting his or her name. If it were construed more broadly, it would embrace a typewritten name, which the Court specifically held did not constitute a signature. Accordingly, this Court holds that a document bearing a rubber stamped facsimile of a signature is not "signed" within the meaning of Rule 11(a).

In the circumstances, the Court directs the Clerk to file plaintiff's letter and its attachments on this occasion. As plaintiff has ob-

durately refused to sign any of these papers, even after this Court's January 24, 2005 order, which called the signature requirement to her attention, the papers are stricken. The Court declines to direct the Clerk to accept future papers from the plaintiff unless they are properly signed.

SO ORDERED.

---

2.  *See also* S.D.N.Y. Civ R. 11(a).

3.  532 U.S. 757, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001).

4.  *Id.* at 763, 121 S.Ct. 1801.

5.  For example, FED.R.CIV.P. 5(e) permits district courts by local rule to allow filing, signing and verification of papers by electronic means. S.D.N.Y. CIV. R. 5.2 allows electronic filing in accordance with procedures promulgated by the Court. Section 8(a) of the Court's Procedures

for Electronic Case Filing provide that "[T]he user log-in and password required to submit documents to the Electronic Case Filing System serve as the Filing User's signature on all electronic documents filed with the Court." The log-in and password thus serve the purpose of a handwritten signature on physically filed documents.

