RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0073p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

NATHANIEL BRENT, personally and on behalf of his minor children SB and JB; SHERRIE BRENT, personally and on behalf of her minor children SB and JB; AARON BRENT; JAMIE BRENT; ROBERT BRENT,

>*Plaintiffs-Appellants*,

No. 14-2367

*v.*

RICK SNYDER, et al.,

>*Defendants-Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cv-13128—Julian A. Cook, Jr., District Judge.

Decided and Filed:  April 21, 2015

Before:  GIBBONS, SUTTON, and KETHLEDGE, Circuit Judges.

---

**ORDER**

---

PER CURIAM.  This matter is before the court upon consideration of the response to this court's order directing Nathaniel Brent to show cause why his adult children Aaron Brent, Jamie Brent, and Robert Brent should not be removed as appellants in this appeal.

The district court dismissed the Brents' lawsuit on September 21, 2014.  Nathaniel filed a notice of appeal on October 17, 2014, well within Appellate Rule 4's thirty-day limit.  *See* Fed. R. App. P. 4(a)(1)(A).  The notice identifies "all plaintiffs" as appellants, but only Nathaniel's signature appears on the page.

1

The absence of other signatures does not pose a problem for Nathaniel's wife Sherrie and his minor children. *See* Fed. R. App. P. 3(c)(2). But it does pose a problem for his adult children. Nathaniel does not appear to be licensed to practice law, and as a consequence may not represent them on appeal—or sign his name on their behalf. *See* 28 U.S.C. § 1654. Because his adult children did not sign the notice themselves, they have failed to perfect their appeal. *See Becker v. Montgomery*, 532 U.S. 757, 763 (2001). Fortunately for them, that is not the end of the matter. The signature requirement is mandatory but not jurisdictional. *See id.* at 765. That means they may correct their error "by signing the paper on file or by submitting a duplicate that contains the signature." *Id.* at 764 (citing Fed. R. Civ. P. 11(a)).

We therefore give Aaron Brent, Jamie Brent, and Robert Brent thirty days from this order's entry to sign their already-filed notice of appeal or to submit a duplicate notice of appeal containing their signatures. Otherwise, we will dismiss them as appellants from this appeal.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk