NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD MCLARNON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1134

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01080-MMS, Senior Judge Margaret M. Sweeney.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

The United States moves to waive the requirements of Federal Circuit Rule 27(f) and to dismiss the appeal as untimely. Edward McLarnon opposes dismissal. For the reasons set forth below, the government's motion to dismiss is denied, but the appeal is nonetheless dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

## BACKGROUND

Mr. McLarnon, currently incarcerated, filed a *pro se* complaint in the United States Court of Federal Claims asserting various grievances against a large number of defendants associated with his criminal prosecution, conviction, and imprisonment, Appx to Mot. to Dismiss ("Appx") at 1, and demanding compensation based on alleged contracts with the United States, ECF No. 31 ("Op. Br.") at 1–2.

On July 9, 2021, the Court of Federal Claims dismissed Mr. McLarnon's claims for lack of subject matter jurisdiction. On August 3, 2021, Mr. McLarnon placed a document, entitled "Plaintiffs' Motion for an Expansion of Time," in the prison's mail system. In it, he requested additional time to submit a motion for reconsideration under Rule 59 (due to a prison lockdown) and noted that he would be requesting "reconsideration . . . [because the court] erred and abused its discretion when it[, among other things,] failed to review all evidence on record, [and] misapplied the law on record," No. 21-cv-1080, ECF No. 23, at 1.

The Court of Federal Claims granted the extension. And on August 23, 2021, Mr. McLarnon mailed his "Motion for Reconsideration: Alter & Amend Judgment." No. 21-cv-1080, ECF No. 27, at 1. Before the court ruled on that motion, Mr. McLarnon filed a notice of appeal on October 19, 2021, along with a motion to reopen the time to file an appeal. On November 10, 2021, the Court of Federal Claims denied his request for reconsideration. And on December 2, 2021, the court denied his request to reopen the time for appeal. The court also certified, under 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith. Appx 10.

This court has jurisdiction over appeals from final decisions of the Court of Federal Claims. 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The government argues that this court lacks jurisdiction over Mr. McLarnon's appeal from the July 2021 decision because it was not filed within 60 days of entry. The government further contends that deadline was not tolled because Mr. McLarnon did not file a timely motion for reconsideration. We reject the government's argument.

A notice of appeal must generally be filed within 60 days from the entry of final judgment by the Court of Federal Claims, 28 U.S.C. §§ 2522, 2107(b), but the timely filing of a motion for reconsideration under Rule 59(a)(1) of the Rules of the Court of Federal Claims ("RCFC") will delay entry of final judgment (and with it the time for filing an appeal) until the motion is resolved, Fed. R. App. P. 4(a)(4)(A); Fed. Cir. R. 1(a)(1)(C), (b)(1). Here, the deadline for filing a timely motion for reconsideration ended 28 days after the Court of Federal Claims entered judgment on July 9, 2021. RCFC 59(b)(1).

Although the government is correct that Mr. McLarnon did not file the document entitled "Plaintiff's Motion for Reconsideration: Alter & Amend Judgment" until after that deadline, we directed the government to explain why we should not interpret his August 3, 2021, motion for an extension of time to seek reconsideration as itself a timely motion for reconsideration.[1] That approach was taken by

---

[1]    For an inmate confined in an institution with a system designed for legal mail, such as Mr. McLarnon, the filing of certain *pro se* prisoner pleadings is deemed to occur when they are given to prison officials for delivery to the court. *See* Fed. R. App. 4(c); *Bernaugh v. United States*, 168 F.3d 1319 (Fed. Cir. 1998) (table) (citing *Houston v. Lack*, 487 U.S. 266, 272 (1988)); *see also Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998). For purposes of resolving the government's motion, we accept as true the

the United States Court of Appeals for the D.C. Circuit in *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 582–83 (D.C. Cir. 2002). As in *Toolasprashad*, Mr. McLarnon requested an extension of time (which the court erroneously granted, *see* Appx 13 & n.3 (citing RCFC 6(b)(2)) in a *pro se* document that had "virtually the same argument [Mr. McLarnon] later raised in his official motion for reconsideration," 286 F.3d at 582, and that was timely filed for a Rule 59 motion. Indeed, Mr. McLarnon's August 3, 2021, motion identified several statutes pursuant to which he argued the Court of Federal Claims has jurisdiction to award him money damages and specific performance in connection with his claims—arguments the Court of Federal Claims ultimately rejected in its November 10, 2021, decision. The government here has provided no sound basis for why we should not adopt this interpretation of Mr. McLarnon's *pro se* filings. Under the circumstances of this case, we conclude that Mr. McLarnon's motion for an extension of time is best construed as a motion for reconsideration under Rule 59, which tolled the time for him to file his notice of appeal such that it was timely; we therefore have jurisdiction to review the trial court's July 2021 decision in this case.[2]

---

facts asserted by Mr. McLarnon and assumed to be true by the Court of Federal Claims regarding the dates when Mr. McLarnon placed filings in the prison's mail system. Appx 11–12.

[2] We also find that jurisdiction is proper with respect to the Court of Federal Claims' decisions denying reconsideration and denying the request to reopen the time to appeal. Mr. McLarnon's informal opening brief, filed within 60 days after entry of those decisions, challenges those decisions, Op. Br. at 2. And a *pro se* brief may be sufficient to establish jurisdiction where, as here, the brief was filed

Having concluded that we have jurisdiction, we next evaluate whether Mr. McLarnon's appeal, which he seeks to pursue *in forma pauperis*, complies with 28 U.S.C. § 1915(e)(2)(B)(i):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.

Because we conclude that Mr. McLarnon's appeal is frivolous, we dismiss the appeal.

Mr. McLarnon identifies "[t]he sole question on appeal [as] whether [the] trial court abused its discretion and used fraud to find it lacked subject matter jurisdiction." Op. Br. at 3. The allegation of fraud is completely frivolous; the Court of Federal Claims liberally construed Mr. McLarnon's lengthy and difficult-to-decipher *pro se* complaint and filings and explained why the court lacked jurisdiction over each of his claims. Appx 1–5; Appx 6–10. We see no non-frivolous basis for Mr. McLarnon's allegation.

And for Mr. McLarnon's contract claim (the primary issue he presses on appeal), that claim "lack[s] an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Mr. McLarnon alleges that he sent documents (Notice – Private International Remedy Demand ("Proffer"); Notice of Fault-Opportunity to Cure; Notice of Default-Consent to Decree; Exhaustion of Administrative Procedures, ECF No. 31-2 at 1–2) to various federal officials, and, by failing to respond, the United States thereby agreed to an implied contract with the purported terms in

within the time to file a notice of appeal and leaves "no genuine doubt [] about who is appealing, from what judgment, to which appellate court," *Becker v. Montgomery*, 532 U.S. 757, 767–68 (2001).

those documents. Appx 9–10. But not "respond[ing] to an unsolicited offer does not create a contract, regardless of any contrary terms in the offer," *Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020) (citing *Wells Fargo Bank, N.A. v. United States*, 88 F.3d 1012, 1019 (Fed. Cir. 1996)), and here there is no non-frivolous allegation of any "objective manifestation of voluntary, mutual assent" to any agreement between the parties, *Turping v. United States*, 913 F.3d 1060, 1065 (Fed. Cir. 2019) (citation omitted). Thus, Mr. McLarnon has no cognizable basis in law or fact to challenge the Court of Federal Claims' dismissal of his claims. We have considered each of Mr. McLarnon's arguments and find they similarly lack any arguable basis in law or fact.

Accordingly,

IT IS ORDERED THAT:

(1)  The United States' motion to dismiss for lack of jurisdiction is denied.

(2)  The appeal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

(3)  All other pending motions are denied.

(4)  Each party shall bear its own costs.

FOR THE COURT

August 29, 2022                    /s/ Peter R. Marksteiner
        Date                       Peter R. Marksteiner
                                   Clerk of Court