**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2746
_____

BLUE FOUNDRY BANK, f/k/a Boiling Springs Savings Bank

v.

CHRYSSOULA ARSENIS; GEORGE ARSENIS; SPYRIDON M. ARSENIS;
THOMAS S. PETERS; ANDREW E HALL & SON INC; UNITED STATES OF
AMERICA; JP MORGAN CHASE BANK NA; STATE OF NEW JERSEY


CHRYSSOULA ARSENIS and GEORGE ARSENIS,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-08585)
District Judge: Honorable Robert Kirsch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2025
Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed May 20, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellants George and Chryssoula Arsenis[1] appeal the District Court's remand order. We will affirm.

I.

In 2022, Appellee Blue Foundry Bank filed a foreclosure action against the Arsenises and others in the Superior Court of New Jersey, Somerset County. According to the complaint, the Arsenises defaulted on their mortgage loan tied to their property in Bernardsville, New Jersey. The Bank sought possession of the property, along with damages, profits, fees, and costs. The Arsenises filed an answer, affirmative defenses, and counterclaims for breach of contract and breach of the covenant of good faith and fair dealing. The New Jersey Superior Court ultimately granted summary judgment in favor

---

[1] Only Chryssoula Arsenis identified herself in the notice of appeal. See Fed. R. App. P. 3(c)(1)(A). However, "the circumstances surrounding the appeal clearly indicate" that George Arsenis is also participating in the appeal. United States v. Jones, 994 F.2d 1051, 1054 (3d Cir. 1993); see also Becker v. Montgomery, 532 U.S. 757, 767 (2001). Accordingly, the Clerk is directed to amend the caption on the docket for this appeal by adding George Arsenis as a listed appellant. Relatedly, although only George Arsenis signed the briefs, we will exercise our discretion to consider the appeal as to both parties under the circumstances presented here, including that the relevant issues apply equally to both parties. Compare Fed. R. App. P. 32(d) (requiring, in relevant part, that every brief "be signed by the party filing the paper"), with Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate[.]").

of the Bank, struck the Arsenises' answer, dismissed the counterclaims with prejudice, and referred the matter to the Office of Foreclosure to proceed as an uncontested matter.

Then, the Arsenises filed a notice of removal, seeking to litigate the foreclosure action in the New Jersey District Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1444. The Bank filed a motion to remand, which the District Court granted. The District Court determined that it lacked subject matter jurisdiction because the foreclosure action contained no federal question, and the parties did not have diverse citizenship. The District Court also noted that the removal had procedural defects. The Court remanded the matter to the state court.[2] The Arsenises appealed, and this Court dismissed that appeal for lack of appellate jurisdiction. Blue Foundry Bank v. Arsenis, No. 24-1678, 2024 WL 3819833, at *1 (3d Cir. July 23, 2024).

In 2024, the Arsenises filed another notice of removal in the District Court, this time citing 28 U.S.C. §§ 1332 and 1443. The Arsenises asserted that the foreclosure action was removable because the Bank did not properly serve them, in violation of their civil rights, due process, the CARES Act, the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and the Truth in Lending Act.[3] In a text order, the

---

[2] According to the Bank, the Superior Court of New Jersey entered a final foreclosure judgment in November 2024.

[3] Recently, the Arsenises brought similar claims against the Bank's holding company in an original civil action in the District Court. See Civ. No. 3:24-cv-08978. The District Court dismissed the complaint with prejudice. Arsenis v. Blue Foundry Bancorp, No. CV 24-08978, 2025 WL 383750, at *12 (D.N.J. Feb. 4, 2025).

District Court again remanded the foreclosure action to state court because, "for the same reasons stated previously," the Court lacked subject matter jurisdiction. The Arsenises appealed.

## II.

First, we must address this Court's appellate jurisdiction. Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal." 28 U.S.C. § 1447(d). But a remand order is reviewable if the state court case was removed pursuant to 28 U.S.C. § 1442 or § 1443. Id. § 1447(d). To remove a case under § 1442 or § 1443, the "notice of removal must assert the case is removable in accordance with or by reason of one of those provisions." BP P.L.C. v. Mayor & City Council of Balt., 593 U.S. 230, ___, 141 S. Ct. 1532, 1538 (2021) (cleaned up). In this case, the Arsenises cited § 1443 in their notice of removal, which was sufficient to invoke that removal statute. See id. Thus, this Court has jurisdiction to review the remand order, including the District Court's determination that it lacked subject matter jurisdiction. See id.; see also Maglioli v. All. HC Holdings LLC, 16 F.4th 393, 402-03 (3d Cir. 2021).

We review the District Court's remand for lack of subject matter jurisdiction de novo. See Maglioli, 16 F.4th at 403. A district court must remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The District Court did not err by determining that it lacked subject matter jurisdiction. As the District Court properly reasoned in its first remand to state court, the Bank's complaint was limited to state law foreclosure claims. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (providing that federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). The Arsenises purported to raise federal defenses or counterclaims,[4] but, subject to exceptions not relevant here, a case may not be removed to federal court solely on the basis of a federal defense to a state law cause of action. See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353-54 (3d Cir. 1995); Maglioli, 16 F.4th at 406-07. Nor can a federal counterclaim to a state law action support removal. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). Thus, the District Court lacked federal question jurisdiction. Additionally, the Arsenises do not dispute on appeal the District Court's conclusion that it lacked diversity jurisdiction because both the Arsenises and the Bank are New Jersey citizens. See 28 U.S.C. § 1332(a), (c).

We also reject the Arsenises' claim that their case was removable pursuant to 28 U.S.C. § 1443. That statute permits removal of certain civil rights matters. Subsection (1) permits removal by any defendant who is denied or cannot enforce a civil rights law in state court. 28 U.S.C. § 1443(1). To remove a case under § 1443(1), "a state court

---

[4] It is not apparent from the record that the Arsenises actually raised these federal defenses or counterclaims in state court. Rather, the Arsenises "reserve[d] the right" to raise them.

5

defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law providing for equal civil rights; and (2) that he is denied or cannot enforce that right in the courts of the state." Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (cleaned up). The civil rights at issue must involve racial equality. See id. at 1049. In this case, the Arsenises did not allege any form of discrimination, and they failed to establish § 1443(1)'s requirements. The Arsenises could not rely on § 1443(2) either, as it only applies to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," City of Greenwood v. Peacock, 384 U.S. 808, 824 (1996), and state officers who refuse to do any act on the ground that it would be inconsistent with the civil rights law, see id. at 824 n.22.

Because the District Court properly concluded that it lacked subject matter jurisdiction, we need not consider the Bank's arguments that the removal was procedurally defective. Accordingly, we will affirm the District Court's order remanding the foreclosure action to the New Jersey Superior Court. As explained in note 1, the Clerk will amend the docket to identify George Arsenis as an appellant.