BLD-201                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4818
_____

VITOLD GROMEK,
Appellant

v.

JUDGE PHILIP MAENZA, Morris County Superior Court;
ANN R. BARTLETT, Hunterdon County Superior Court;
JUDGE MARYLIN R. HERR, Director of New Jersey Division of Family Development;
JEANETTE PAGE HAWKINS, Director of New Jersey Division of Family
Development; JOHN/JANE DOE NOS. 1-20, NEW JERSEY DIVISION OF FAMILY
DEVELOPMENT; JOSEPH ADIELE, Essex County Probation;
INETTE HEWELL, Essex County Probation; SHAZEEDA SAMSUDEEN, VCPO,
Essex County Probation; JANE/JOHN DOES NOS. 1-20, ESSEX COUNTY
PROBATION; THOMAS WEISENBACH, Administrator of the Courts-Morris County;
JOHN/JANE DOES NOS. 1-20, MORRIS COUNTY SUPERIOR COURT, FAMILY
DIVISION; ADMINISTRATOR OF THE COURTS HUNTERDON COUNTY
SUPERIOR COURT, FAMILY DIVISION; JANE/JOHN DOES NOS. 1-20,
HUNTERDON COUNTY SUPERIOR COURT, FAMILY DIVISION;
SHARON MILLER GROMEK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 14-cv-04455)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
and Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

May 14, 2015

Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 22, 2015)
_____

OPINION[*]
_____

PER CURIAM

 Vitold Gromek appeals pro se from the District Court's order dismissing his civil rights complaint as to several New Jersey state defendants.  For the reasons set forth below, we will summarily affirm the District Court's order.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

 In July 2014, Gromek filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey alleging that a number of New Jersey state employees had violated his constitutional rights by mismanaging his child support matters.  Specifically, Gromek claimed that Child Support Services/Essex County Probation had incorrectly reported that he was in arrears by as much as $400,000.00, and has refused to correct the error.  Gromek further claimed that he has attempted to seek redress in the Superior Court of New Jersey, but the presiding judges have failed to address his motions, denied him an opportunity to present evidence, denied him his

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

appeal rights, and harassed and threatened him.  Gromek sought compensatory and punitive damages, and asked the District Court to intervene in the state matters, naming as defendants: Superior Court Judges Thomas L. Weisenbeck, Philip J. Maenza, Ann R. Bartlett, and Marilyn R. Herr; Essex County Probation officers Joseph Adiele, Inett Hewell, and Shazeeda Samsudeen; and the Director of the New Jersey Division of Family Development, Jeanette Page Hawkins (together, the "State Defendants").[1]

The State Defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, arguing that: Gromek's claims are barred by the Eleventh Amendment, and by the doctrines of absolute judicial and quasi-judicial immunity as well as the Rooker-Feldman doctrine; the State Defendants are not persons amenable to suit under § 1983; and Gromek's state-law claims are barred under the New Jersey Tort Claims Act (NJTCA).  By order entered November 20, 2014, the District Court granted the motion to dismiss.

Gromek now appeals from the District Court's order.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order.[2]  See Haybarger v. Lawrence Cnty. Adult

---

[1] Gromek also named as a defendant his ex-wife, Sharon Miller Gromek.

[2] When Gromek filed his notice of appeal seeking review of the District Court's November 20, 2014 order, that order was not yet appealable because Gromek's claim against Ms. Gromek was still pending.  The District Court's order became appealable, however, when the court entered a final order dismissing the remainder of the complaint.

3

Prob. & Parole, 551 F.3d 193, 197 (3d Cir. 2008). Dismissal for failure to state a claim is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

Upon review, we see no error in the District Court's decision to dismiss the complaint as to the State Defendants. First, the State Defendants are entitled to Eleventh Amendment immunity insofar as they were sued for damages in their official capacities. The Eleventh Amendment protects state employees from federal suit unless Congress has specifically abrogated the state's immunity, or the state has waived its own immunity. Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010); MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001). Congress did not abrogate the states' immunity through the enactment of 42 U.S.C. § 1983, see Quern v. Jordan,

See Cape May Greene, Inc., v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983) (explaining that a premature notice of appeal, filed after disposition of some of the claims before a district court, but before entry of final judgment, will ripen upon the court's disposal of the remaining claims). Gromek has not filed a notice of appeal seeking review of the latter order and the time to do so has expired. See Fed. R. App. P. 4(a)(1)(A). Therefore, we lack jurisdiction to review it. See id. 3(a)(1) (directing an appellant to file a notice of appeal within the time allowed by Rule 4); Becker v. Montgomery, 532 U.S. 757, 765-66 (2001) (clarifying that the content and timing requirements of the notice of appeal are jurisdictional in nature).

440 U.S. 332, 345 (1979), and New Jersey has not waived its immunity in federal court, see Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth., 819 F.2d 413, 418 (3d Cir. 1987), abrogated on other grounds by Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994). Therefore, the District Court correctly concluded that the State Defendants were entitled to Eleventh-Amendment immunity from Gromek's official-capacity damages suit.[3]

To the extent that Gromek intended to impose individual liability on the State Defendants, they are entitled to personal immunity. First, it is well established that judges are immune from suit under § 1983 for actions arising from their judicial acts. Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)); see also Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000). Given that Gromek

---

[3] Although the District Court did not consider Gromek's requests for injunctive relief, the Younger abstention doctrine would counsel against the District Court's interference in the state-court matter. The United States Supreme Court has articulated a longstanding public policy against federal court interference with state court proceedings and instructs federal courts to refrain from taking any action in cases where the federal plaintiff has adequate redress in state-court proceedings. Younger v. Harris, 401 U.S. 37, 43 (1971). Because it appears that Gromek continues to challenge the State Defendants' actions in state court, it would be inappropriate for the federal courts to interfere with the state's interest in adjudicating matters relating to child support obligations. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006).

complains of actions that the Superior Court judges took in the course of proceedings concerning his child support obligations, and that he has not set forth any facts suggesting that the judges acted in an absence of jurisdiction, they are protected by absolute immunity. See Gallas, 211 F.3d at 772 ("[J]udicial immunity is not forfeited by allegations of malice or corruption of motive.") (citation and quotation omitted). Therefore, the District Court properly dismissed the claims against the Superior Court judges on this basis.

The District Court also properly dismissed Gromek's claims against Essex County probation officers Adiele, Hewell, and Samsudeen, and Family Development Director Hawkins. Gromek alleges that he contacted these individuals in an effort to remedy the errors in his account, but that they failed to take appropriate action.[4] The actions that these defendants took in the course of enforcing the Superior Court's child support orders are protected by the doctrine of quasi-judicial immunity. See Forrester v. White, 484 U.S. 219, 225-26 (1988) (describing the extension of judicial immunity to others who perform judicial, quasi-judicial, and prosecutorial functions); Gallas, 211 F.3d at 772-73

---

[4] We discern these allegations from Gromek's submission in opposition to the State Defendants' motion to dismiss, as Gromek did not indicate in the complaint what role these individuals played in the alleged misconduct. We do not address whether dismissal pursuant to Fed. R. Civ. P. 12(b)(6) would have been proper on this basis because, as discussed above, we affirm the dismissal of these defendants on the basis of immunity.

6

(explaining that judicial employees "functioning as an arm of the court" are protected by judicial immunity).[5]

## IV.

Because this appeal presents no substantial question, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.

---

[5] Generally, a district court should provide a plaintiff an opportunity to amend his complaint before granting a defendant's motion to dismiss.  We note, however, that we do not see how Gromek could have amended his complaint to overcome the immunity and abstention doctrines discussed above.  Therefore, any amendment would have been futile to Gromek's federal claims.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Furthermore, to the extent that Gromek's complaint can be read as raising any common law negligence claims, the State Defendants correctly contended that he failed to demonstrate that he complied with the procedures set forth in the NJTCA. See N.J. Stat. Ann. § 59:8-8, 8-10; Cnty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 173-74 (3d Cir. 2006).  Although Gromek did not have an opportunity to assert additional facts in support of any such claim in an amended complaint, he did submit a lengthy response to the State Defendants' motion to dismiss, and did not respond to their argument in this regard.