# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2895

_____

In re: Evette Nicole Reed

*Debtor*

------------------------------

Ross H. Briggs

*Appellant*

v.

Honorable Charles E. Rendlen, III

*Appellee*

Office of *U.S. Trustee*

*U.S. Trustee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 25, 2019
Filed: December 3, 2019

_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Ross Briggs attempted to appeal two bankruptcy court orders to the United States District Court for the Eastern District of Missouri by filing a single notice of appeal. According to the district court, this violated a local bankruptcy court rule. The district court struck the notice of appeal without allowing Briggs an opportunity to cure the defect by filing separate notices of appeal for each order. For the reasons set forth below, we reverse the district court's order striking the notice of appeal to the extent it denied Briggs an opportunity to cure.

## I. Background

In 2016, United States Bankruptcy Judge Charles E. Rendlen sanctioned Briggs, an attorney in the State of Missouri, and banned him from practicing before the United States Bankruptcy Court for the Eastern District of Missouri for six months. We previously affirmed that decision on appeal. *See In re Reed*, 888 F.3d 930 (8th Cir. 2018). In June 2018, Briggs filed a motion before Judge Rendlen for reinstatement of his full practice privileges as well as a motion to disqualify Judge Rendlen from presiding over matters related to Briggs's request for reinstatement. Judge Rendlen denied both motions.

On July 24, 2018, Briggs filed a single notice of appeal challenging the orders denying both motions. Briggs attached the two orders and paid a single filing fee. The district court entered an order striking Briggs's notice of appeal because he appealed two separate orders using one notice and paid only one filing fee in violation of Local Bankruptcy Rule 8001(A).

Briggs filed a motion to reconsider and vacate the order. On August 23, 2018, the district court denied Briggs's motion for reconsideration. Briggs filed a timely notice of appeal from the district court's order, arguing Local Bankruptcy Rule

8001(A) is invalid and, alternatively, that the district court erred in treating the rule as if it were a jurisdictional requirement.

## II. Analysis

We first consider our jurisdiction over the appeal. This court has jurisdiction to review final orders of the district court. 28 U.S.C. § 158(d). The district court's decision to strike Briggs's notice of appeal of two bankruptcy orders was the functional equivalent of a dismissal, ending his ability to challenge those orders. Because there was nothing more to do after striking the motion and closing the case, we conclude the district court's order was a final order under 28 U.S.C. § 158(a). *Cf. In re Apex Oil Co.*, 884 F.2d 343, 347 (8th Cir. 1989) (listing factors to determine the finality of a bankruptcy order).

We now turn to Briggs's argument contesting the validity of Local Bankruptcy Rule 8001(A), which states "[a] separate notice of appeal and filing fee is required for each order being appealed." Bankr. E.D. Mo. R. 8001(A). We review de novo the district court's interpretation of this rule. *See Keil v. Lopez*, 862 F.3d 685, 703–04 (8th Cir. 2017) (interpreting the Federal Rules of Civil Procedure de novo).

The Federal Rules of Bankruptcy Procedure expressly allow courts to adopt local rules of practice and procedure as long as they are consistent with the federal rules. Fed. R. Bankr. P. 9029(a)(1).

The federal bankruptcy rule governing appeals provides only that a notice of appeal must "(A) conform substantially to the appropriate Official Form; (B) be accompanied by the judgment, order, or decree, or the part of it, being appealed; and (C) be accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(3). The bankruptcy rules are otherwise silent as to a party's right to appeal multiple orders with a single notice of appeal. Although Local Bankruptcy Rule 8001(A) is more

specific than the related federal rules, it is not inconsistent with any of them. Therefore, we reject Briggs's argument that it is invalid.

This does not end our inquiry. Briggs alternatively argues that even if Local Bankruptcy Rule 8001(A) is valid, the district court should have permitted him to amend his notice of appeal to cure any deficiency under the local rules. Without expressing any opinion as to the merits of his underlying appeal, we agree. The district court erred in striking the notice of appeal without allowing Briggs an opportunity to cure the defect because doing so wrongly treated the defect as jurisdictional.

The United States Supreme Court has instructed courts to liberally construe rules governing notices of appeal and avoid treating imperfections in notices of appeal as fatal so long as certain requirements are met. *See Smith v. Barry*, 502 U.S. 244, 247–48 (1992) (explaining courts must liberally construe the requirements of Fed. R. App. P. 3 so that papers technically at variance may be considered the "functional equivalent."). "[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." *Becker v. Montgomery*, 532 U.S. 757, 759 (2001).

Briggs's notice of appeal undoubtedly provided the necessary information: who was appealing, from what judgment, and to which appellate court the appeal was directed. As such, the district court should not have treated the imperfection as fatal. This is not to say the district court cannot enforce the bankruptcy rules. It may be appropriate in certain circumstances for the district court to strike a notice of appeal, including, for example, when sanctioning a party's willful failure to comply with the local rule. *See* Fed. R. Bankr. P. 9029(a)(2) ("A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement."). However, the district court made no such finding here.

-4-

Moreover, Briggs's failure to pay the required fee should not have been treated as a jurisdictional requirement that rendered the notice of appeal ineffective. *See Parissi v. Telechron, Inc.*, 349 U.S. 46, 46–47 (1955) (holding untimely payment of a filing fee did not invalidate a notice of appeal); *B.J. McAdams, Inc. v. I.C.C.*, 551 F.2d 1112, 1115 n.3 (8th Cir. 1977) (holding the failure to enclose a docketing fee did not render ineffective a petition for review). Instead, the district court should have given Briggs an opportunity to cure this defect.

The Appellee argues the cases discussed above do not control because they interpret the Federal Rules of Appellate Procedure and do not involve a bankruptcy appeal to a district court. We do not find this distinction material to our analysis. An appeal made from a bankruptcy order to a federal district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Thus, we apply the same liberal construction of the notice requirements in civil proceedings to bankruptcy appeals.

Although Local Bankruptcy Rule 8001(A) is valid, the district court erred by treating the rule as a jurisdictional requirement without providing Briggs an opportunity to cure the defect by filing separate notices of appeal for each order and paying the accompanying fees.[1]

---

[1]The Appellee argues alternative grounds exist justifying the district court's decision to dismiss Briggs's appeal, explaining the notice of appeal was filed more than 14 days after the bankruptcy court denied the motion to disqualify the bankruptcy judge, which he claims violated Fed. R. Bankr. P. 8002(a). We offer no opinion as to the merits of this argument. The district court may consider the Appellee's timeliness argument in the first instance. *See Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 851 (8th Cir. 2014) ("Although we *may* affirm the district court's judgment on any basis supported by the record, we are not required to do so[,]" and will remand when "it would be beneficial for the district court to consider th[e] issue in the first instance.").

### III.  Conclusion

For the foregoing reasons, we reverse the district court's order striking the notice of appeal and remand the case to the district court for proceedings consistent with this opinion.

_____