**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1632**

_____

PAUL L. ASHBAUGH,

                    Plaintiff - Appellant,

          and

ASHBAUGH CUSTOM BUILDERS, LLC,

                    Plaintiff,

          v.

THE CORPORATION OF BOLIVAR, a West Virginia municipality;
EDWARD HALL, Mayor, in his official capacity; DONNA CALLAR,
individually and in her official capacity; ROBERT HARDY,
individually and in his official capacity; JOHN HEAFER,
individually and in his official capacity; MARY RUTHERFORD,
individually and in her official capacity; CARRIE GAUTHIER,
individually and in her official capacity,

                    Defendants - Appellees.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:05-cv-00129-JPB)

_____

Submitted:  August 30, 2012       Decided:  September 11, 2012

_____

Before KING, WYNN, and FLOYD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

J. Michael Cassell, CASSELL & PRINZ, PLLC, Charles Town, West Virginia, for Appellant.  Michael D. Lorensen, Jared M. Adams, BOWLES RICE MCDAVID GRAFF & LOVE, Martinsburg, West Virginia, for Appellees.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul L. Ashbaugh and Ashbaugh Custom Builders, LLC ("ACB"), seek to appeal the district court's order granting summary judgment for Defendants on their 42 U.S.C. § 1983 (2006) complaint. We dismiss the appeal for lack of jurisdiction.

"[A] corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993). Thus, because Ashbaugh, acting pro se, filed a notice of appeal on behalf of himself and ACB, the notice was not adequate to perfect ACB's appeal. See Becker v. Montgomery, 532 U.S. 757, 763-68 (2001) (finding notice of appeal defective for lack of proper signature as required by Fed. R. Civ. P. 11(a)). Although we brought the defect to ACB's attention on more than one occasion, ACB failed to promptly correct the notice of appeal. See Fed. R. Civ. P. 11(a). The appearance of counsel on behalf of ACB more than eight months after Ashbaugh noticed the appeal, and months after the completion of informal briefing, occurred too late to cure the defect. We therefore strike the notice of appeal as to ACB. See Fed. R. Civ. P. 11(a).

Further, we note that ACB, not Ashbaugh, is the owner of the property at issue. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and

3

readily determined from sources whose accuracy cannot reasonably be questioned."); Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986) (noting that courts "are not precluded . . . from taking notice of items in the public record"). Thus, as merely a member of ACB, Ashbaugh does not have standing to appeal on his own behalf the district court's order. See W. Va. Code Ann. § 31B-2-201 (Michie 2009) ("A limited liability company is a legal entity distinct from its members."); W. Va. Code Ann. § 31B-5-501 (Michie 2009) ("A member is not a coowner of . . . property of a limited liability company."); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (stating elements of standing); Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel, 20 F.3d 1311, 1317 (4th Cir. 1994) ("It is considered a fundamental rule that a shareholder — even the sole shareholder — does not have standing to assert claims alleging wrongs to the corporation.") (internal quotation marks and brackets omitted).

Accordingly, we dismiss the appeal for lack of jurisdiction. We deny as moot the motion to strike Ashbaugh's pro se supplemental reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED