**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1476**

GUY M. DUGAN; KAREN DUGAN; THE GDM FAMILY TRUST, Mark S. Dugan as Trustee,

          Plaintiffs – Appellees,

v.

PILIANA M. SCHAMENS; DAVID W. SCHAMENS; INVICTUS CAPITAL GROWTH AND INCOME FUND, LLP; INVICTUS ASSET MANAGEMENT, LLC; INVICTUS INCOME FUND; INVICTUS REAL ESTATE INVESTMENT, LLP; INVICTUS FUNDS, LLC; TRADEDESK FINANCIAL GROUP, INC.; TRADEDESK FINANCIAL CORPORATION; TRADESTREAM ANALYTICS, LTD.;  INVICTUS HOLDINGS, LLP; TRADEDESK CAPITAL, LLC,

          Defendants – Appellants,

and

PHILLIPS WIEGAND, JR.; INVICTUS CAPITAL GROWTH FUND, LLP,

          Defendants.

Appeal from the United States District Court for Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge.  (3:15-cv-00366-RJC-DSC)

Submitted: September 11, 2020                Decided:  October 29, 2020

Before AGEE and QUATTLEBAUM, Circuit Judges, and Thomas S. KLEEH, United States District Judge for the Northern District of West Virginia, sitting by designation.

Remanded with instructions by unpublished per curiam opinion.

―――――――――

Dennis F. Gleason, JARDIM, MEISNER & SUSSER, P.C., Florham Park, New Jersey; William W. Wilkins, Kirsten E. Small, NEXSEN PRUET, LLC, Greenville, South Carolina, for Appellants. Lex M. Erwin, David Luzum, ERWIN, BISHOP, CAPITANO & MOSS, PA, Charlotte, North Carolina, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Piliana M. Schamens and David W. Schamens, along with Invictus Capital Growth & Income Fund, LLP ("ICG&IF") and various other corporate entities (collectively, the "Schamens Parties"), have moved to dismiss this appeal for lack of subject matter jurisdiction or, in the alternative, to vacate the district court's default judgment in favor of Guy M. Dugan, Karen Dugan, and Mark S. Dugan as Trustee of the GDM Family Trust (collectively, the "Dugans"). The Dugans have moved to voluntarily dismiss ICG&IF, the alleged diversity spoiler, under Federal Rules of Civil Procedure 15(a) and 21.

For the reasons discussed below, we find that we lack appellate jurisdiction over the corporate entities, including ICG&IF. Therefore, we will remand this case to the district court with instructions that it rule on the Dugans' motion in the first instance.

I.

Over the course of several years, the Dugans provided more than $800,000 to Phillips Wiegand, Jr.[1] and the Schamens Parties under the misguided belief that their money was being invested. In 2012, the Dugans discovered that Weigand and the Schamens Parties had used the money for their own personal gain and benefit. Following years of unfulfilled promises of repayment, the Dugans brought suit on August 11, 2015. And then, after suffering through nearly four years of delays due to the Schamens Parties'

---

[1] Weigand settled the claims against him early on in this litigation. He is not a party to this appeal.

dilatory behavior and an extended stay, the district court entered default judgment against them, which became final on April 24, 2019. No attorney ever entered an appearance in the district court on behalf of the Schamens Parties. Instead, the Schamenses attempted to defend both themselves and the various corporate entities pro se.

Now, for the first time in this litigation, the Schamens Parties raise the argument that the federal courts lack subject matter jurisdiction because the Dugans are members of ICG&IF, thereby spoiling complete diversity.[2] In response, the Dugans moved to voluntarily dismiss ICG&IF.

II.

A.

Before doing anything else, we must first assure ourselves that we have appellate jurisdiction over each of the parties listed in the notice of appeal. We review this question de novo. *Amzura Enters., Inc. v. Ratcher*, 18 F. App'x 95, 101 (4th Cir. 2001) (per curiam) (citing *Tillman v. Resol. Tr. Corp.*, 37 F.3d 1032, 1034 (4th Cir. 1994)).

As previously noted, the Schamens Parties were not represented by counsel at any point while this case was pending before the district court. That includes when they filed

---

[2] Weigand raised a similar argument in a motion to dismiss in the district court. The Schamens Parties did not join that motion. After Weigand settled the claims against him, the court administratively dismissed his motion before ruling on it. Even though the Schamens Parties never raised the issue, the district court nevertheless expressly found that it had subject matter jurisdiction over this case in its opinion granting the Dugans' motion for entry of default.

their notice of appeal. Acting pro se, the Schamenses signed the notice on behalf of themselves and the various corporate entities, including ICG&IF. Though they were certainly entitled to represent their own individual interests, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)).

As a result, we find that the Schamens Parties' notice of appeal was inadequate to perfect the corporate entities' appeal because it was not signed by licensed counsel. *See Becker v. Montgomery*, 532 U.S. 757, 763–68 (2001) (finding a notice of appeal defective for lack of proper signature as required by Fed. R. Civ. P. 11(a)). And the appearance of counsel on behalf of the corporate entities more than six months after the Schamenses noticed the appeal occurred too late to cure the defect. *See Ashbaugh v. Corp. of Bolivar*, 481 F. App'x 840, 841 (4th Cir. 2012) (per curiam) (reaching the same conclusion when counsel entered an appearance eight months after the improperly filed notice of appeal).

Moreover, even after the Dugans raised this issue in their Response Brief, the Schamens Parties failed to promptly correct their defective notice of appeal. *See, e.g.*, *Becker*, 532 U.S. at 768 (holding that, although the notice of appeal was defective because it lacked a proper signature, the Court of Appeals erred in refusing to accept a promptly filed, corrected notice soon after the error was brought to the Appellant's attention);

5

*Amzura Enters., Inc.*, 18 F. App'x at 102 (finding that the appellant had cured the error by filing a corrected notice of appeal less than one month after it was brought to the party's attention). Instead, the Schamens Parties summarily discounted the argument, saying it was "of no moment[.]" Reply. Br. 1 n.1. We disagree.

Given the clear defect in the notice of appeal and the Schamens Parties' failure to cure it, we must strike that portion of the notice pertaining to the corporate entities, including ICG&IF. *See* Fed. R. Civ. P. 11(a).

B.

Because we lack appellate jurisdiction over ICG&IF, that also means that we lack jurisdiction to rule on the Dugans' motion to voluntarily dismiss a party that is not before us. Because of the unusual jurisdictional situation now present, we have no authority to grant the relief sought—i.e., dismiss ICG&IF—because that entity is not a party before us. Therefore, we will remand this case to the district court to address the motion to dismiss under Federal Rule of Civil Procedure 21 in the first instance, including the resolution of factual issues, if any, related to that motion. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837–38 (1989); *Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 900–01 (4th Cir. 2014); *Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 636–37 (4th Cir. 2015) (per curiam).

## III.

Accordingly, we remand with instructions that the district court consider the Dugans' motion to voluntarily dismiss ICG&IF in the first instance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

*REMANDED WITH INSTRUCTIONS*