[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11782

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDREW JACKSON SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:96-cr-00238-WS-S-1

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

In 2024, Andrew Jackson Smith, proceeding *pro se*, filed a document titled "Appeal" in his criminal case in which judgment was entered in 1998 and Smith's supervised release was revoked in 2001. In his filing, Smith did not identify any rulings from which he was appealing. We issued a jurisdictional question asking the parties to address which order or decision the notice of appeal evinces an intent to appeal from. The government responds that we should dismiss Smith's appeal because he failed to properly invoke our jurisdiction. It also argues that the period for timely appealing any federal judgments against him has expired, and we lack jurisdiction over his proceedings in state court. In response to our jurisdictional question, Smith has not identified a ruling in this case that he appeals.

A notice of appeal must, *inter alia*, "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). "Judgment" is defined to include "any order from which an appeal lies." Fed. R. Civ. P. 54(a). "[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." *Becker v. Montgomery*, 532 U.S. 757, 767 (2001). We liberally construe the requirements of Rule 3. *Id.*; *Smith v. Barry*, 502 U.S. 244, 248 (1992). Additionally, *pro se* pleadings are held to a less stringent standard than formal pleadings by lawyers

and are liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

Here, a genuine doubt exists as to what, if anything, Smith intends to challenge on appeal. *See Becker*, 532 U.S. at 767. To the extent that Smith intends to challenge the last order of the district court entered in 2012, the 1998 judgment, or the revocation of his supervised release period in 2001, the notice of appeal is untimely. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Lopez*, 562 F.3d 1309, 1312-13 (11th Cir. 2009) (providing that the time limit in Rule 4(b)(1)(A) is a non-jurisdictional claims-processing rule that we must enforce if raised by the government). To the extent that Smith intends to challenge the court clerk's refusal in 2022 to provide him with documents from his 1998 and 2001 cases, the letter sent by the clerk is not a judgment or appealable order. *See* Fed. R. App. P. 3(c)(1)(B); Fed. R. Civ. P. 54(a).

Accordingly, this appeal is DISMISSED.